# BINGHAM

Richard de Bodo
Direct Phone:  +1.310.255.9055
Direct Fax:      +1.310.907.2055
rich.debodo@bingham.com

September 15, 2014

Daniel E. O'Toole
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439
otoole@cafc.uscourts.gov

**Re:   Anticancer, Inc. v. Pfizer, Inc., 13-1056**

Dear Mr. O'Toole:

We represent Respondent Pfizer Inc. in the above-referenced case and are responding to your letter dated August 19, 2014. In that letter, the Court inquired as to whether the joint voluntary dismissal of Appellant's Second Amended Complaint with prejudice divests this Court of Article III jurisdiction.

Appellant AntiCancer responded on August 22, 2014. It asserted that (1) the district court had previously dismissed the patent infringement claims, and (2) the parties' confidential settlement discussions had focused on the remaining contract claims. While acknowledging that the parties' settlement agreement is not before this Court, AntiCancer asserts the parties intended to settle only the contract claims and not the patent infringement claims that are the subject of this appeal, and that therefore, there remains a live controversy for this Court to resolve. The confidential settlement agreement is not in evidence and does not form part of the appeal record.

The Court's inquiry appears to raise an additional matter for consideration. Even if the parties only intended to settle the contract claims, Appellant filed a "Joint Motion and Stipulation of Voluntary Dismissal, with Prejudice" asking the district court to approve the "voluntary dismissal *of the above matter* pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii)." Joint Mot. for Dismissal at 1 (emphasis added). As this Court pointed out, that Joint Motion on its face asked the district court to order that the entirety of "AntiCancer's Second Amended Complaint is dismissed, WITH PREJUDICE." *Id.* at 2. As this Court further noted, the district court obliged and gave the parties the precise dismissal they requested.

Although the parties obviously had not focused on the issue prior to this Court's letter, Appellant's action in voluntarily dismissing the entirety of its complaint with prejudice arguably makes it inappropriate for this Court to render a decision on the district court's previous disposition of its patent infringement claims. Precisely because Appellant stipulated to it, the district court's order dismissing Appellant's full complaint with

Beijing
Boston
Frankfurt
Hartford
Hong Kong
Lexington (GSC)
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Washington

Bingham McCutchen LLP
The Water Garden
Suite 2050 North
1601 Cloverfield Boulevard
Santa Monica, CA
90404-4082

T +1.310.907.1000
F +1.310.907.2000
bingham.com

Daniel E. O'Toole
September 15, 2014
Page 2

prejudice is not on appeal. The district court's order, on its face, appears to resolve all issues in Appellant's second amended complaint, leaving nothing for this Court to decide. As the district court's order stands, any ruling by this Court would appear to be advisory. If Appellant is dissatisfied with the district court's order, Appellant can seek relief from the district court under Fed. R. Civ. Proc. 60(b), and the district court will have discretion whether or not to modify its order.[1] In these circumstances, the prudent course is to dismiss the appeal.

We thank the Court for its consideration.

                          Respectfully,

                          By: /s Richard de Bodo
                              Richard de Bodo

                          Bingham McCutchen LLP

                          *Attorneys for Defendant-Appellee Pfizer Inc.*

---

[1] Nothing herein is intended to limit or waive any of Respondent's rights with respect to such a request.

Bingham McCutchen LLP
bingham.com